IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricardo Morales-Herrera, #40489-180,<br><br>                      Petitioner,<br><br>    vs.<br><br>Warden Owen,<br><br>                      Respondent. | Civil Action No. 6:12-825-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the respondent's motion to dismiss or, in the alternative, for summary judgment (doc. 19). The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. The respondent is the Warden of the Federal Correctional Institution in Williamsburg County, South Carolina ("FCI-Williamsburg").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

The respondent filed a motion to dismiss or, in the alternative, for summary judgment on June 6, 2012. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and motion for summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. On June 29, 2012, the petitioner filed a response in opposition to the motion.

**BACKGROUND OF THE CASE**

The petitioner is currently incarcerated at the FCI-Williamsburg. On May 5, 2004, he was sentenced to a 180-day term by the United States District Court for the Western District of Texas for Illegal Entry Into the United States, a violation of 8 U.S.C. § 1325 (Lathrop decl. ¶ 3). On June 22, 2004, he received a 125-month term by the same court for Aiding and Abetting to Take a Motor Vehicle Using Force, in violation of 18 U.S.C. § 2119 & 2, and Aiding and Abetting Carrying a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924 & 2 (*id.*). According to the Bureau of Prisons ("BOP"), the petitioner has a projected release date of August 23, 2013, with credit for good conduct time (*id.*).

The petitioner claims that the 180-day sentence he received in May 2004 should have run concurrently with his 125-month sentence he received in June 2004. Instead, the BOP considers the sentences as running consecutively. As a result, the petitioner contends that he is serving a lengthier term of imprisonment than he was ordered to serve.

The petitioner alleges that he filed a motion with the sentencing court to get "credit for time served," and he was directed to pursue the matter in this court via 28 U.S.C. § 2241 (petition p. 6). In his motion for summary judgment, the respondent argues that the BOP has properly calculated the petitioner's overall term of imprisonment and that the petitioner has failed to exhaust his administrative remedies through the BOP. In his response, the petitioner admits he did not exhaust his administrative remedies, but he argues that this failure should be excused because "exhaustion can be waived if pursuing those [administrative] remedies would be futile" (resp. pp. 1-2).

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1197e(a) do not expressly apply to a petition filed under 28 U.S.C. § 2241; however, "a prisoner challenging the execution of his sentence must nevertheless exhaust administrative remedies before seeking review in federal court." *Fisher v. Johns*, No. 5:11-HC-2128-D, 2012 WL 3266910, at *1 (E.D.N.C., Aug. 9, 2012). *See Asare v. U.S. Parole Comm'n*, 2 F.3d 540, 544 (4th Cir. 1993). "Before a prisoner can file a Section 2241 petition, he must exhaust his administrative remedies. . . . Failure to exhaust may only be excused upon a

3

showing of cause and prejudice." *Groomes v. Warden*, C.A. No. 6:09-1750-PMD, 2010 WL 738306, at *5 (D.S.C. March 3, 2010) (citing *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. 2004)).

The petitioner concedes that he did not exhaust his administrative remedies, and he has no excuse for his failure to do so. Instead, he argues that the exhaustion requirement should be waived in his case, because the BOP "refuses to recognize" the purported error in the execution of his sentence. (pet. p. 5). He further cites to *Sours v. Chavez*, No. CV08-1903-PHX-SRB, 2009 WL 2714028 (D. Ariz. August 27, 2009) for the proposition that exhaustion is not required if the request for administrative relief was denied based on BOP policy. However, unlike the prisoner in *Sours*, the petitioner has failed to attempt any administrative resolution at all, having not filed a single grievance with the BOP concerning the execution of his sentence (Lathrop decl. ¶ 7). Accordingly, the petitioner's futility argument is based on his own conjecture of what the outcome would be should he pursue his administrative remedies, and that simply is insufficient to justify waiving the exhaustion requirement.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment[1] (doc. 19) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

August 31, 2012
Greenville, South Carolina

---

[1] As matters outside the pleadings have been considered by the court, the motion to dismiss will be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(d).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.