UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ricardo Morales-Herrera, | ) | Civil Action No.: 6:12-825-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Owen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Petitioner, Ricardo Morales-Herrera, is a federal prisoner proceeding *pro se* under

Title 28 U.S.C. § 2241.  He is currently an inmate at FCI-Williamsburg of the Federal Bureau of

Prisons (BOP).

This case was assigned to United States Magistrate Judge Kevin F. McDonald.[1]  Pending

before the court is a Report and Recommendation [Docket Entry #24] from the Magistrate Judge

filed on August 31, 2012.  In his petition, Petitioner acknowledged that he had not exhausted his

BOP remedies.  Based on that fact, the Magistrate Judge recommended that the petition should

be dismissed without prejudice for failure to exhaust federal prison remedies.  Petitioner filed his

Objections to the Report and Recommendation [Docket Entry #26] on September 17, 2012.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court.  The recommendation

has no presumptive weight.  The responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de

novo* determination of those portions of the Report to which specific objection is made, and the

---

[1]    This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B), and
Local Civil Rules 73.02(B)(2)(c) and (e).

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate

Judge's report to which objections have been filed. *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Petitioner challenges the execution of his sentence and asserts that the BOP has improperly calculated his release date.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10–542.15.  In the petition presently before this court, Petitioner admitted his failure to exhaust BOP administrative remedies.  Moreover, in his objections, Petitioner provided no additional evidence to prove exhaustion of his BOP administrative remedies prior to seeking § 2241 relief.  Instead, he requests the court to stay this action pending exhaustion of administrative remedies.

It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *see also United States v. Strickland*, No. 7:98-cr-82-5-F(1), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004) ("Only after a federal prisoner seeking § 2241 relief has

sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10–16 (1997) (and not

pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review.").

Therefore, because there is no evidence presently before this court that Petitioner has exhausted his

administrative remedies within the BOP, his petition should be dismissed without prejudice.

### Conclusion

The court has reviewed the Report and Recommendation, objections, pleadings,

memoranda, and applicable law.  For the reasons stated above and by the Magistrate Judge, the

court overrules Petitioner's objections and adopts and incorporates by reference the Report and

Recommendation of the Magistrate Judge.  The respondent's Motion to Dismiss, treated as a

Motion for Summary Judgment is granted, and the case is hereby **DISMISSED** *without prejudice.*

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 26, 2012
Florence, South Carolina